disbursements. No opinion. Present — Clarke, P. J., Dowling, Merrell, McAvoy and Wagner, JJ.

Frank Joaquin, Respondent, v. Simon Albert, Appellant.— Order reversed, with costs and disbursements, the verdict* reinstated and judgment directed to be entered thereon. No opinion. Present — Clarke, P. J., Dowling, Merrell, McAvoy and Wagner, JJ.

Bernhardt M. Noble, Respondent, v. Sadie Noble, Appellant.— Judgment affirmed. No opinion. Present — Clarke, P. J., Dowling, Merrell, McAvoy and Wagner, JJ.

Louise D. P. Lee, Appellant, Respondent, v. Mark C. Tredennick Company, Respondent, Appellant.— Determination affirmed, with costs and disbursements to the defendant. No opinion. Present — Clarke, P. J., Dowling, Merrell, McAvoy and Wagner, JJ.

---

## Second Department, June, 1926.

George W. Shearer and Another, Appellants, v. Wallkill Council, No. 92, Jr. O. U. A. M., Inc., and others, Respondents.

*Corporations — action for injunction — insufficient notice of meetings to change corporate relationships requires new trial.*

Reargument of an appeal by plaintiffs from a judgment of the Supreme Court, entered in the Orange county clerk's office on July 2, 1925, upon the decision of the court, rendered after a trial at the Orange Special Term, dismissing the complaint upon the merits and vacating preliminary injunction.

Per Curiam. After reargument, we confirm our view that there should be a trial of this action. [See 216 App. Div. 845; post, p. 759.] The laws of the National council create obligations, on the part of members of local councils, which are different from those imposed by the independent State council on members of a local council. The rights of members of the local council in the property of the local council are not limited as they are when in association with a local council allied with the National council. Conclusion of law I is not supported by the evidence. Aside from any other consideration, these facts, of themselves, require that when a meeting is to be held at which it is proposed to sever the relationship of defendant from the independent council and to ally itself with the National council and its subordinate body, the regular State council, a notice of such a meeting should be given to each member of the defendant. That seems not to have been done. No final action was taken on April ninth, and no notice of the meeting of April twenty-third was ever given. Furthermore, the notices that were given to members referred to an amalgamation which had to do with the union of the two State councils, while at the meetings of April ninth and twenty-third it was proposed, not to amalgamate, but to sever the relationship between the defendant and the independent State council. All the facts which show what the real situation was, and what the members fairly understood by the notices that were sent to them, and whether or not all the members had due

---

* Verdict was for $500 in negligence action by father for loss of services of son.— [Rep.